```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

**THOMAS H. WILLIAMS, SR.**                                      **PLAINTIFF**

    **v.**                    **No. 07-2121**

**C.O. GORDON; THOMAS TRAVIS; OFFICER DEVANE;**
**C.O. SOSEBEE; JIM SLAVENS, Head of Maintenance;**
**WILLIAM WALLACE, Maintenance; SHERIFF**
**FRANK ATKINSON; and JAIL ADMINISTRATOR**
**MIKE CONGER**                                                  **DEFENDANTS**

<u>ORDER</u>

Now on this 8th day of August 2011, there comes on for consideration the report and recommendation (Doc. 48) filed herein on June 22, 2011, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Defendants' written objections to the report and recommendation (Doc. 49).

The Court has reviewed this case *de novo* and finds that the report and recommendation of the Magistrate is proper and should be and hereby is adopted in its entirety. Defendants' Motion for Summary Judgment (Doc. 31) is **GRANTED in part** and **DENIED in part**. The Motion is granted with respect to Thomas Travis, Officer Devane, William Wallace, Sheriff Frank Atkinson, Mike Conger, and Jim Slavens. The Motion is denied with respect to Deputies Sosebee and Gordon, as there are genuine issues of material fact as to whether these officers were deliberately indifferent to the substantial risk of harm the Plaintiff experienced due to

conditions of incarceration.

The Magistrate found that Defendant Sosebee was present on September 25 when inmate Travis attempted to attack Plaintiff and threatened to kill him. Defendant Gordon is alleged to have been at the control panel for the cell doors on September 26, prior to Travis's attack on Plaintiff, when a red light allegedly indicated that Travis's cell door was not secure. The Magistrate found that there was no indication that Gordon attempted to secure Travis's unlocked cell door. Further, Plaintiff alleged that "the guards were told . . . about having trouble with Thomas Travis" and that Travis was "locked down 23 hours a day." Doc. 43 at ¶ 32.

The Court must review the facts presented in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) *(citing Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983). Plaintiff alleges that Defendants failed to protect him from violence from other inmates, in violation of the Eighth Amendment's strictures prohibiting the government from engaging in cruel and unusual punishment. To succeed in proving a failure to protect, Plaintiff must establish that prison officials acted with deliberate indifference to his safety. *See Riley v. Olk-Long*, 282 F.3d 592 (8th Cir. 2002). It is well established that "[f]or [a defendant] to act with deliberate indifference, he

must have recklessly disregarded a known, excessive risk of serious harm to [plaintiff's] safety."  *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003).

The facts in the case at bar, when considered in a light most favorable to Plaintiff, establish that prison guards Sosebee and Gordon knew or should have known about the safety risk inmate Travis posed to all other inmates generally and to Plaintiff specifically, due to the fact that Travis was in administrative segregation and locked down 23 hours a day, and Travis made a death threat against Plaintiff, who was in a protective custody pod. Plaintiff's allegations that Sosebee failed to report the death threat and Gordon failed to either check on or secure Travis's open cell door (which was allegedly a known concern, since maintenance workers had been making repairs to the door, *see* Doc. 43 at ¶ 38) constitute genuine disputes of material fact which preclude granting summary judgment with respect to these two Defendants.

Accordingly, being well and sufficiently advised, the Court finds that the report and recommendation of the Magistrate is proper and should be and hereby is adopted in its entirety. Defendants' Motion for Summary Judgment (Doc. 31) is **GRANTED in part and DENIED in part**.  With respect to Thomas Travis, Officer Devane, William Wallace, Sheriff Frank Atkinson, Mike Conger, and Jim Slavens the Motion is **GRANTED**, and with respect to Deputies Sosebee and Gordon, the Motion is **DENIED**.

3

**IT IS SO ORDERED.**

<pre>
                              /s/ Robert T. Dawson
                              Honorable Robert T. Dawson
                              United States District Judge
</pre>